HAYNES AND BOONE, LLP
Brent R. Owen (Bar No. 45068) *(Pro hac vice forthcoming)*
675 15th Street, Suite 2200
Denver, CO 80202
T: (303) 382-6200
F: (303) 382-6210
Brent.owen@haynesboone.com

Annie Nicholson (Bar No. 340510)
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
T: (949) 202-3000
F: (949) 202-3001
annie.nicholson@haynesboone.com

Attorneys for Defendant
CATALINA SNACKS INC,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIMON OH,<br><br>Plaintiff,<br><br>v.<br><br>CATALINA SNACKS INC., a Delaware corporation,<br><br>Defendants. | Case No.: 2:24-cv-8625<br><br>Assigned to<br>District Judge<br><br>**DEFENDANT CATALINA SNACKS INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |

PLEASE TAKE NOTICE that Defendant Catalina Snacks, Inc. ("Catalina Snacks" or "Defendant") hereby removes the above-captioned action from Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court, Central District of California. Catalina is entitled to removal pursuant to 28 U.S.C. sections 1332, 1441, and 1446, based on diversity of citizenship, as follows:

## I. PROCEDURAL HISTORY

1. Catalina Snacks is a company dedicated to making delicious snacks made healthy. Catalina Snacks makes cereal, cookies, and other snacks. The cereal sold discloses the net weight of the product, the serving size, and the number of servings per package.

2. Catalina Snacks is a named Defendant in a civil action filed on or about September 5, 2024 by Plaintiff Simon Oh ("Mr. Oh") in the Superior Court of the State of California, in and for the County of Los Angeles, Case No. 24STCV22839, entitled *Oh v. Catalina Snacks*, *Inc.* (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A** (the Complaint).

3. In the State Court Action Mr. Oh alleges that the slack fill in unspecified Catalina Snacks' products is nonfunctional and that—as a result—Catalina Snacks misled Mr. Oh. Mr. Oh asserts claims for (a) a violation of the California Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA"), and (b) common law fraud.

4. Mr. Oh seeks injunctive relief requiring Catalina Snacks "to add a conspicuous 'fill line' to its packaging," which he claims should cost no more than $25,000; "[a]ctual, statutory, and punitive damages;" and attorneys' fees and costs. Ex. A, Complaint, Prayer for Relief. Catalina Snacks maintains that it did not mislead Mr. Oh, including because any slack fill in the Catalina Snacks' packaging is functional.

5. Removal is appropriate due to diversity. Catalina Snacks submits a sworn declaration of its Chief Research and Development Officer, Wendy Behr, in support of removal attesting to satisfaction of the amount in controversy: to add the purported fill line to the Catalina Snacks packaging, it would cost Catalina Snacks at least $80,000.

6. Counsel for Catalina Snacks attempted to confer with counsel for Mr. Oh on October 7, 2024 regarding removal. Declaration of Annie Nicholson, ¶ 2.

7. In additional to the Complaint, all other pleadings and accompanying materials filed in the State Court Action are attached hereto.

a. The Notice of Case Assignment is attached as **Exhibit B**;

b. The Alternative Dispute Resolution Information Package is attached as **Exhibit C**;

c. The Civil Case Cover Sheet is attached as **Exhibit D**;

d. The Summons is attached as **Exhibit E**;

e. The Certificate of Mailing for Court Order is attached as **Exhibit F**;

f. The Minute Order is attached as **Exhibit G**;

g. The Notice of Case Management Conference is attached as **Exhibit H**; and

h. The Proof of Personal Service is attached as **Exhibit I**.

## II. REMOVAL IS TIMELY

8. Notice of removal must be filed within 30 days after the defendant receives the initial pleadings or the service of summons, whichever is shorter. 28 U.S.C. § 1446(b).

9. On September 12, 2024 Mr. Oh served Catalina Snacks with the Complaint. This notice, thus, is timely, as it is being filed on or before October 7, 2024.

## III. REMOVAL IS PROPER

10. The Court has original jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332. This action is removable to this Court because it is a civil action between citizens of different states, the amount in controversy exceeds $75,000, exclusive of interest and costs, and Defendant is not a citizen of California. *Id.* §§ 1441(b), 1446.

### a. The Parties Are Citizens of Different States

11. Mr. Oh filed this action in the Superior Court of the State of California, County of Los Angeles. *See generally* Ex. A, Complaint. Mr. Oh is a citizen of the State of California. *See id.* ¶ 4 ("Plaintiff is a resident of California."); *see also Kantor v. Wellesley Galleries Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983) (a natural person is a citizen of the state in which he or she is domiciled).

12. Catalina Snacks is a corporation. For purposes of diversity jurisdiction: corporations are deemed citizens of the states in which they are incorporated and in which their principal places of business are located. 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Catalina Snacks is a Delaware corporation with its principal place of business located in Indiana. Thus, Defendant is a citizen of Delaware and Indiana. As of the filing of the Complaint and continuing to the present, Defendant was not and is not a citizen of California.

13. Based on the foregoing, complete diversity of citizenship exists in this matter because Plaintiff and Defendant are citizens of different states and Defendant is not a citizen of California. *See* 28 U.S.C. §§ 1332(a)(1), 1441(b).

### b. The Amount in Controversy Exceeds $75,000

14. To be removable on diversity of citizenship grounds, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs, at the time of removal. 28 U.S.C. § 1332(a)(1). Where removal is based on diversity of citizenship and the initial pleading seeks monetary damages but does

not demand a specific sum, "the notice of removal may assert the amount in controversy," *id.* § 1446(c)(2), and the removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-88 (2014).

**i. Mr. Oh's Complaint Does Not Specify a Total Amount in Controversy**

15. When the plaintiff's complaint is unclear and does not specify "a total amount in controversy," the proper burden of proof for removal is preponderance of the evidence. *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 701 (9th Cir. 2007).

16. For example, in *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 701 (9th Cir. 2007), the plaintiff alleged in the jurisdiction and venue section that "[t]he damages to each Plaintiff are less than $75,000. In addition, the sum of such damages and the value of injunctive relief sought by plaintiff in this action is less than $75,000." Yet, the plaintiff did not repeat such allegations in the prayer for relief, instead it sought (among other things): (1) damages under statutory and common law; (2) punitive and exemplary damages, (3) attorneys; fees and costs, (4) injunctive relief, (5) the costs of suit; and (6) "such other and further relief as this Court deems just and proper." *Id.* The *Guglielmino* court recognized the complaint was "hardly a paragon of clarity", stating that "because the allegation in the Jurisdiction and Venue section is not repeated in the Prayer for Relief and does not take account of attorneys' fees [] the complaint fails to allege a sufficiently specific total amount in controversy." *Id.* Further, the court provided "we therefore apply the preponderance of the evidence burden of proof to the removing defendant." *Id.*

17. Consistent with this case law, Catalina Snacks need only establish the amount in controversy by a preponderance of the evidence. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 86-88; *Rodriguez v. AT&T Mobility Servs. LLC*,

728 F.3d 975, 981-82 (9th Cir. 2013). "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Ray v. Wells Fargo Bank, N.A.*, No. CV 11-01477 AHM JCX, 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011); *see also Newhouse v. Aurora Bank FSB*, No. CIV S-12-0223 KJM, 2012 WL 1023961, at *2 (E.D. Cal. Mar. 26, 2012). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Ray*, 2011 WL 1790123, at *5. It is Defendant's burden to establish that the amount in controversy exceeds $75,000 through "summary-judgment-type evidence[.]" *Zavala v. Wells Fargo Bank N.A.*, No. SACV 15–842–JLS (ASx), 2015 WL 3745041, at *1 (C.D. Cal. June 12, 2015).

18. Here, like *Guglielmino*, Mr. Oh's complaint does not specify a total amount in controversy. Mr. Oh asserts a fraud claim but does not allege a damages amount. Ex. A, Complaint, ¶¶ 33-38. Mr. Oh also alleges a CLRA violation and seek injunctive relief but tries to also claim that he does not seek in excess of $75,000 in damages, exclusive of costs. Mr. Oh also alleges the injunctive relief requested by Plaintiff "can be accomplished for less than $25,000." *Id.* ¶ 48. Then, in the complaint's Prayer for Relief, however, no mention is made of a total dollar amount in controversy. *Id*. at Prayer for Relief. Rather, in the prayer for relief Plaintiff seeks: (a) actual, statutory, and punitive damages, (b) an order requiring Defendant to spend no more than $25,000 to add a conspicuous "fill line" to the front of the Product's packaging sold in California; (c) attorneys' fees and costs; and (d) all other relief at law or in equity that may be just and proper. *Id.*

19. Catalina Snacks bears the burden to demonstrate that, by a preponderance of the evidence, Mr. Oh's damages exceed $75,000.

**ii. The Amount in Controversy is Easily over $75,000, Not Including Mr. Oh's Requested Punitive Damages and Attorneys' Fees**

20. Catalina Snacks denies the allegations set forth in the Complaint and maintains that Mr. Oh is not entitled to any relief he seeks. But there is more than ample evidence that Mr. Oh seeks much more than $75,000 through this lawsuit.

21. **CLRA damages will be at least $75,000.** Mr. Oh seeks damages for its CLRA claim of $75,000 in damages. Ex. A, Complaint, ¶ 48. This, coupled with the injunctive relief, punitive damages, and attorneys' fees meets the minimum amount in controversy. *See Acosta v. Brave Quest Corp.*, No. 2:23-CV-09581-SB-MAR, 2024 WL 3206986, at *2 (C.D. Cal. May 10, 2024) (amount at issue exceeded $75,000 when considering compensatory damages, punitive damages, injunctive relief, and attorney's fees).

22. **Cost of complying with injunction exceeds $75,000.** The cost of injunctive relief can be included in the amount in controversy for removal purposes. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016); *see also Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include damages . . . and the cost of complying with an injunction"). Here, Mr. Oh seeks an injunction against Catalina Snacks "to spend no more than $25,000 to add a conspicuous 'fill line' to the front of the Product's packaging sold in California." Ex. A, Complaint, Prayer for Relief. But Mr. Oh cannot dictate how much it might cost to comply with the requested injunctive relief, and the claim that it will cost less than $25,000 to change the labels on multiple products is implausible. Mr. Oh, moreover, has no control over the cost of complying with an injunction and therefore cannot limit it. Critically too, Mr. Oh cannot limit the cost of injunctive relief with a disclaimer in the complaint. *See Martinez v. CotN Wash, Inc.*, No. 220CV09327VAPAGRX, 2020 WL 6799076, at *2 (C.D. Cal. Nov. 18, 2020) ("Although a plaintiff may limit his monetary

damages in the complaint, Courts in this district have ruled that a plaintiff cannot expressly limit the cost of injunctive relief, and this Court agrees.”).

23. Mr. Oh’s requested injunction would require Catalina Snacks to change its marketing and packaging for all of Catalina Snacks’ cereal products. Yet, Plaintiff’s Complaint does not specify the Catalina Snacks’ product that he purchased. If such an injunction is granted, Catalina Snacks would have to discard its existing inventory of the current packaging, pay to have its packaging redesigned, and repurchase thousands of boxes of the redesigned packages. The cost of discarding the existing inventory of packages alone will exceed $75,000. Declaration of Wendy Behr “Behr Decl.” ¶ 7. Thus, the cost of compliance with the requested injunctive relief alone would far exceed $75,000 and easily meets the amount-in-controversy requirement for federal jurisdiction. *Id.* ¶¶ 6-10.

24. **Punitive damages at a 1:1 Ratio for the CLRA means Mr. Oh seeks damages of at least $150,000.** Punitive damages are properly included in the amount of controversy for removal. *Acosta*, 2024 WL 3206986, at *2 (counting punitive damages for amount in controversy). The CLRA allows plaintiffs to recover punitive damages. Cal. Civ. Code § 1780(a)(4). And Mr. Oh seeks punitive damages. Ex. A, Complaint, Prayer for Relief. District courts have applied a 1 to 1 ratio for punitive damages in calculating the amount in controversy for CLRA claims, especially where there is evidence of jury verdicts including punitive damages. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (holding that defendant met that burden by citing four cases where juries had awarded punitive damages at ratios higher than 1:1 for claims based on the CLRA); *Hawkins v. Kroger Co.*, 337 F.R.D. 518, 530 (S.D. Cal. 2020) (same, collecting cases). Mr. Oh alleges damages under the CLRA of $75,000. Applying a 1:1 ratio of punitive damages would make the total damages for the CLRA claim at least $150,000.

25. **Attorneys' fees for the CLRA claim will exceed $100,000.** Attorneys' fees are properly included in the amount in controversy. *Guglielmino*, 506 F.3d at 700 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Kim v. Joseph (UK) Inc.*, No. CV 18–477–GW(Ex), 2018 WL 1311453, at *6 (C.D. Cal. 2018) ("The Court would align itself with the growing trend in this judicial district and find that where attorney's fees are recoverable by statute, a reasonable projection of fees to resolution of the case may be employed to determine the amount in controversy."). The CLRA authorizes a mandatory award of attorney's fees to a prevailing plaintiff. Cal. Civ. Code § 1780(e). Mr. Oh seeks attorney's fees. Ex. A, Complaint, Prayer for Relief. Mr. Oh's lawyer was granted attorneys' fees in the Central District of California at hourly rates of $850 in 2022. *Hedley & Bennett, Inc. v. Mejico*, No. EDCV22816JGBKKX, 2022 WL 2309891, at *2 (C.D. Cal. June 24, 2022). At his rate from two years ago, Mr. Oh's lawyer would only need to bill 88.3 hours to exceed $75,000 in fees.

26. Mr. Oh's attorney's fees will exceed $100,000 here. Mr. Oh's lawyer has already drafted and served a complaint—which likely look at least two hours. This together with future time spent defending a motion to dismiss (estimated 30 hours), drafting and responding to discovery (estimated 26 hours), defending a motion for summary judgment (estimated 50 hours), and conducting and defending depositions (estimated 10 hours), creates a total of roughly 118 hours for a total of roughly $100,000.

27. **Fraud damages, including potential punitive damages, will exceed $75,000.** Mr. Oh's claim for economic damages for fraud, alone, exceeds the $75,000 amount in controversy requirement. Mr. Oh's fraud damages likely concern Catalina Snacks' profits of the cereal, which would be substantial. Fraud claims under California law also allow plaintiffs to recover punitive damages. *See*

Cal. Civ. Code § 3294.

28. Injunctive relief or attorneys' fees alone, and certainly when combined, and including damages and punitive damages, will exceed $75,000. Therefore, Plaintiff's pleaded assertions and theories of recovery establish the amount in controversy exceeds $75,000.

## IV. ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

29. Removal to this district court is proper because this is the district which embraces the county in which Plaintiff's filed the State Court Action. 28 U.S.C. § 1441(a).

30. No party has previously sought to remove this action.

31. This Notice of Removal is properly filed in the Central District of California pursuant to 28 U.S.C. § 1446(a).

32. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Court Action in Catalina Snack's possession are contained in **Exhibits A-I** filed herewith.

33. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing of same in this Court.

34. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

## V. RESERVATION OF ALL AVAILABLE RIGHTS AND DEFENSES

35. Catalina Snacks expressly reserves all its defenses and rights. None of the foregoing shall be construed as in conceding the truth of any of Plaintiff's allegations or waiving any of Catalina Snacks' defenses. Catalina Snacks denies Plaintiff's allegations. Further, Catalina Snacks reserves the right to amend or supplement this Notice of Removal.

36. Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of Catalina Snack's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) failure to state a claim, or (vi) any other procedural or substantive defense available under state or federal law.

## VI. CONCLUSION

WHEREFORE, Catalina Snacks prays that the State Court Action be removed from state court to this Court and that this Court assume jurisdiction over the action and determine it on the merits.

Date: October 7, 2024

HAYNES AND BOONE, LLP

By: ______________________________
Annie Nicholson
Attorneys for Defendant
CATALINA SNACKS INC.

**PROOF OF SERVICE**

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. I am employed with the law offices of Haynes and Boone, LLP and my business address is 600 Anton Blvd., Suite 700, Costa Mesa, California 92626.

On October 7, 2024 I served the document(s) listed below on the interested party in this action by serving a true copy thereof on the individuals below, as indicated: **DEFENDANT CATALINA SNACKS INC.'S NOTICE OF REMOVAL.**

| | |
|---|---|
| Scott J. Ferrell<br>Victoria C. Knowles<br>PACIFIC TRIAL ATTORNEYS<br>4100 Newport Place Drive, Suite 800<br>Newport Beach, CA 92660 | T: (949) 706-6464<br>F: (949) 706-6469<br>Email: sferrell@pacifictrialattorneys.com<br>Email: vknowles@pacifictrialattorneys.com<br><br>Attorneys for Plaintiff,<br>SIMON OH |

☒ **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for collecting and processing of correspondence for overnight delivery by Federal Express. Under that practice, such document was deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **(BY ELECTRONIC DELIVERY)** I served a true and correct copy of such document by electronic delivery to the email addresses listed above per the agreement of the parties pursuant to Federal Rule of Civil Procedure 5.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 7, 2024, at Costa Mesa, California.

Carrie Gagne

Carrie L. Gagne